NO. 07-04-0062-CR
NO. 07-04-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2004
_____

DAMON SHARP,

APPELLANT

v.

THE STATE OF TEXAS,

APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2002-439,868 & 2002-439,869; HON. BRADLEY UNDERWOOD, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Damon Sharp (appellant) appeals his two convictions for injury to a child. Pursuant to a plea of nolo contendere, but without benefit of an agreed recommendation from the State as to punishment, the trial court found him guilty and assessed punishment at life imprisonment for the offense prosecuted under cause number 2002-439,868 and ten years imprisonment for the offense prosecuted under cause number 2002-439,869. Appellant now appeals the convictions.

Appellant's appointed counsel filed motions to withdraw, together with *Anders*[1] briefs, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeals are without merit. Along with his briefs, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated April 28, 2004, this court notified appellant of his right to file his own briefs or responses by May 27, 2004, if he wished to do so. To date, appellant has failed to file a response or a motion for extension of time to file same.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed three potential areas for appeal which were founded upon 1) the voluntariness of appellant's plea, 2) the sufficiency of evidence to support a finding of guilt and an affirmative finding that a deadly weapon was used, and 3) the effectiveness of trial counsel. However, appellate counsel then satisfactorily explained why the arguments lacked merit. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


Brian Quinn
Justice

Do not publish.

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967).